UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: DWIGHT A. WILLIAMS.

UNITED STATES

Principal Creditor/Government,

DISTRICT OF COLUMBIA et al.

Debtors/Defendants.

19mc255 (JGK)

MEMORANDUM ORDER AND OPINION

JOHN G. KOELTL, District Judge:

This is an extraordinary writ of execution and enforcement action ("the writ") brought by Dwight A. Williams against the debtors and defendants, which consist of the District of Columbia, Equifax, Citimortgage, Inc., Ridge Abstract Corporation, Bayview Loan Servicing, Inc. ("Bayview"), the City of New York Corporation Counsel, the County of Queens Recorder, and the Sheriff of Queens County. Dkt No. 1, at 1.

I.

The writ appears to be the third action that has transpired between Williams and Bayview. In 2014, Bayview initiated a foreclosure action in the New York State Supreme Court, Queens County against Williams and Patricia Clarke. Roberts Decl., Ex. 1. Also in 2014, and during the pendency of the state foreclosure action, Williams filed an action against Bayview in the Eastern District of New York. Id., Ex. 13. Those two actions continued until 2019, when the state court granted Bayview's

motion for judgment of foreclosure and sale on April 10, 2019, and the federal court in the Eastern District of New York dismissed Williams' action on May 30, 2019. Id., Exs. 13, 16.

Williams filed the current action in this Court on May 13, 2019 in connection with a consumer loan transaction allegedly entered into between the debtors and the United States by and through Williams and secured by land located at "7608 Aquatic Drive, Arverne, New York, 11692." Dkt. No. 1, at 1-2. Williams brought this action under "International Law & Bankruptcy Laws, including but not limited to Title 15 of the United States Code in its entirety; Title 11 of the United States Code; and the Fair Debt Collection Practices Act, Dodd Frank Wall Street Reform Act, Public Law 111-203, Title X." Id. at 1. The property at Aquatic Drive named in this writ was the subject of the state foreclosure action. Roberts Decl., Ex. 2, at 5. Arverne is a neighborhood located in Queens, New York.

On July 12, 2019, Bayview, the only defendant that has appeared in this action, moved to dismiss the writ on several grounds. Dkt. No. 6. First, Bayview argued that the Court should dismiss the writ for improper venue because no portion of the events, let alone a substantial portion of the events, occurred within the Southern District of New York. The action concerns a property located in the Eastern District of New York that was subject to a foreclosure proceeding that took place within the

Eastern District of New York. Second, Bayview argued that the plaintiff's claims are barred by res judicata and collateral estoppel because of the case in the Eastern District of New York that has now been dismissed with prejudice. Third, Bayview argued that the Court lacks subject matter jurisdiction because of the Rooker-Feldman doctrine and because this action is effectively an attempt to overturn the state court's judgment in the foreclosure action. Fourth, Bayview argued that the action should be dismissed because it fails to state a claim upon which relief can be granted.

The plaintiff's response to Bayview's motion to dismiss was originally due on July 31, 2019. By order dated September 2, 2019, this Court directed the plaintiff to respond to Bayview's motion to dismiss by September 17, 2019 and further stated that a failure to respond would result in the Court's deciding the motion on the papers currently filed. Dkt. No. 11. September 17, 2019 has passed without any response from the plaintiff, and therefore the Court will proceed to decide Bayview's motion to dismiss on the papers currently before the Court.

**II.**

**A.**

It is unclear whether the Southern District of New York is a proper venue under 28 U.S.C. § 1391(b). Section 1391(b)(1) provides that a "civil action may be brought in a judicial

district in which any defendant resides, if all defendants are residents of the State in which the district is located." For purposes of the venue statute, the residency of a natural person is defined as the place of the domicile. 28 U.S.C. § 1391(c)(1). For defendant entities with the capacity to sue and be sued, residency is defined as "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Williams has named the District of Columbia as a defendant in this action, which, if a proper defendant, would make venue improper in the Southern District of New York under 28 U.S.C. § 1391(b)(1). However, it is not apparent from the face of the writ how the District of Columbia would be a proper defendant in this case. Although the writ is somewhat unclear, the allegations appear to be against Bayview alone, the entity that initiated the state foreclosure action and that successfully moved to dismiss the case in the Eastern District of New York. If Bayview were the only proper defendant in this case, then venue would most likely be proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1) because Bayview, as a loan servicing corporation, most likely is subject to the Court's personal jurisdiction in the Southern District of New York with respect to this civil action.

If venue is improper under 28 U.S.C. § 1391(b)(1), venue in this district is clearly improper under Section 1391(b)(2) because the Southern District of New York is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Rather, the substantial part of the events in this case take place in Queens, New York, in the Eastern District of New York, where the property in question is located. The plaintiff alleges no events that took place in the Southern District of New York.

If venue were improper in the Southern District of New York, 28 U.S.C. § 1406(a) would then guide the analysis. That statute provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The Court enjoys considerable discretion in deciding whether it is in the interest of justice to transfer a case." Nelson v. Wells Fargo Bank, N.A., No. 17cv4045, 2019 WL 2514229, at *10 (S.D.N.Y. June 18, 2019) (alterations and quotations omitted). This discretion is informed by the convenience of the parties, ease of access to sources of proof, and concerns of judicial economy, as well as the expedition and orderly adjudication of cases on the merits.

See id. Moreover, "courts in this Circuit have voiced a preference for transferring rather dismissing actions where venue is challenged when it is clear wherein proper venue would be laid." Slobig v. Gannuscia, No. 16cv3783, 2018 WL 1305459, at *5 (S.D.N.Y. Mar. 9, 2018) (quotations omitted) (collecting cases).

It is clear that venue is proper in the Eastern District of New York. Further, transfer to the Eastern District of New York, rather than dismissal, would best serve the interests of justice because dismissal would inevitably lead to the plaintiff simply refiling in the Eastern District of New York and because transfer will therefore lead to an expeditious adjudication of the case on the merits. See Holmes v. Romero Enters., LLC, No. 15cv3915, 2015 WL 10848308, at *4 (S.D.N.Y. Nov. 2, 2015) ("Transfer of the action, rather than outright dismissal, will allow the case to be expeditiously adjudicated on its merits.").

### B.

In any event, whether or not venue is proper in the Southern District of New York, transfer to the Eastern District of New York is plainly appropriate under 28 U.S.C. § 1404(a) because, in this case, "the transferee district is one where jurisdiction over the defendant could have been obtained at the time the suit was brought and . . . the transfer is in the interest of justice and convenience of the parties and

witnesses." Heritage Lace, Inc v. Underwraps Costume Corp., No. 18cv9796, 2019 WL3858585, at *5 (S.D.N.Y. Aug. 16, 2019) (alterations omitted). The entirety of the action alleged in the writ took place in the Eastern District of New York because the property in question is in Queens. There are no allegations in the writ that any portion of the events occurred within the Southern District of New York. Because the entirety of the allegations took place in the Eastern District of New York, the convenience of the parties and the witnesses militates in favor of transfer to the Eastern District of New York.

Because transfer to the Eastern District of New York is appropriate, the Court declines to address Bayview's alternative grounds for dismissal of the action.

## CONCLUSION

Transfer of venue is appropriate under 28 U.S.C. § 1404(a), and therefore the Clerk is directed to transfer this case to the Eastern District of New York. The Clerk is directed to close this case on the docket of this Court.

**SO ORDERED.**

Dated:   New York, New York
         October 4, 2019

_____
John G. Koeltl
United States District Judge