```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
DWIGHT A. WILLIAMS,

                Plaintiff,
                                            MEMORANDUM AND ORDER

        -against-                           19-CV-6023 (KAM)


BAYVIEW LOAN SERVICING, LLC, et al.,

                Defendants.
--------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On May 13, 2019, *pro se* plaintiff Dwight A. Williams ("Plaintiff") commenced an action, naming as defendants Bayview Loan Servicing, LLC ("Bayview" or "Defendant"), the District of Columbia, Equifax, CitiMortgage, Ridge Abstract Corporation, the City of New York, and public officials of Queens County, New York, by filing an "Extraordinary Writ of Execution" alleging violations of Title 15 of the United States Code, Title 11 of the United States Code, the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Dodd-Frank Wall Street Reform Act, the Telephone Consumer Protection Act, the Constitution of the United States, the Declaration of Independence, and the Ten Commandments.  (ECF No. 1, Case Initiating Document ("Compl.").)  Currently before the court is Bayview's unopposed motion to dismiss.  (ECF No. 17, Motion to

1

Dismiss.)  For the reasons stated below, Bayview's motion is granted.

## BACKGROUND

Plaintiff's allegations concern a property over which Bayview initiated foreclosure proceedings in 2014.  The property is located on Aquatic Drive in the Arverne neighborhood of Queens, New York.  Plaintiff and Bayview were parties to a prior action filed in this court in 2014, which related to the same property.  (Case No. 14-cv-7427, *Williams v. Bayview* (the "prior federal action").)  On May 31, 2019, in the prior federal action, this court entered a lengthy Memorandum and Order granting Bayview's motion to dismiss, or in the alternative, for summary judgment.  (Case No. 14-cv-7427, ECF No. 69, Memorandum and Order; 2019 WL 2330852.)  Judgment in that case was entered in favor of Defendant and the case was closed.  (Case No. 14-cv-7427, ECF No. 70, Judgment.)  The court hereby incorporates its May 31, 2019 Memorandum and Order in the prior federal action by reference, and summarizes the relevant background between the parties only briefly here.

By letter dated January 13, 2014, Bayview notified Plaintiff and his co-borrower, Patricia Clarke, that they were in default on a mortgage loan, and that failure to remedy the default would result in acceleration.  *Williams v. Bayview Loan Servicing, LLC*, No. 14-cv-7427, 2019 WL 2330852, at *2 (E.D.N.Y.

2

May 31, 2019). On June 5, 2014, Bayview provided Plaintiff and Ms. Clarke a 90-day notice pursuant to New York Real Property and Procedures Law Section 1304, advising Plaintiff and Ms. Clarke, *inter alia*, that they were "1251 days in default." *Id.* On October 23, 2014, Bayview commenced a foreclosure action against Plaintiff and Ms. Clarke in Queens County Supreme Court, Index No. 707826/2014, entitled *Bayview Loan Servicing, LLC v. TChet Ab Utcha Ra El a/k/a Dwight A. Williams et al.* (the "foreclosure action"). *Id.*

Plaintiff made various filings with the Queens County Supreme Court throughout the life of the foreclosure action. *See id.* at *2-3. On March 31, 2016, Bayview moved for a default judgment in the foreclosure action. *Id.* at *3. Plaintiff cross-moved on April 13, 2016, alleging that the foreclosure action should be dismissed because he and Ms. Clarke had rescinded the relevant note and mortgage, and Bayview thus lacked standing. *Id.* In a decision dated July 19, 2016, the Queens County Supreme Court granted Bayview's motion in part and denied Plaintiff's cross-motion in its entirety. *Id.* On August 16, 2017, Bayview moved again for a default judgment and an order of reference. *Id.* Plaintiff opposed the motion, making the same argument he made previously. *Id.*

In an order dated November 20, 2017 and entered December 29, 2017, the Queens County Supreme Court granted

3

Bayview's motion for a default judgment and an order of reference.  *Id.*  The Queens County Supreme Court held that Bayview had "made a *prima facie* showing of entitlements to judgment as a matter of law by submitting a copy of the subject mortgage, underlying note, and proof of default."  *Id.*  The court also found that Plaintiff's opposition contained "allegations that [were] either directly refuted by [Bayview's] documentary evidence or [were] insufficient to raise a triable issue of fact and defeat [Bayview's] motion."  *Id.*  Therefore, the Queens County Supreme Court appointed a referee to compute the amount due to Bayview.  *Id.*  After additional filings from both parties, the court granted Bayview's motion for a judgment of foreclose and sale in its entirety on April 10, 2019.  *Id.*

Plaintiff and Ms. Clarke commenced the prior federal action in this court on December 22, 2014 against Bayview and the law firm hired to commence the foreclosure proceedings, Knuckles, Komosinski & Elliott LLP.  *Id.* at *4.  In the prior federal action, the plaintiffs alleged, *inter alia*, that Bayview violated the FCRA, and that Bayview and the law firm violated the FDCPA, New York General Business Law Section 349, New York's privacy law, and New York law governing negligent hiring and supervision of employees.  *Id.*  This court issued an opinion on January 22, 2016, concluding that the plaintiffs failed to state a claim for the state law claims, and dismissing those claims

4

with prejudice.  (*See generally* Case No. 14-cv-7427, ECF No. 23, Memorandum and Order; 2016 WL 8711209.)  The court also concluded that the plaintiffs failed to state an FDCPA claim against the law firm and dismissed that claim.  *See generally id.*

With leave of the court, the plaintiffs filed a second amended complaint on February 22, 2016, which renewed their FCRA claims against Bayview and their FDCPA allegations against both Bayview and the law firm.  (Case No. 14-cv-7427, ECF No. 26, Amended Complaint.)  The court subsequently granted the law firm's motion to dismiss the claims against it.  (Case No. 14-cv-7427, ECF No. 53, Memorandum and Order.)  Bayview filed a motion to dismiss or for summary judgment on February 22, 2019, which this court granted on May 31, 2019.

On May 13, 2019, while Bayview's motion in the prior federal action was still pending before this court, Plaintiff initiated the instant action in the Southern District of New York by filing what he referred to as an "Extraordinary Writ of Execution."  (*See generally* Compl.)  Plaintiff, who purports to be acting as a "Judicial Officer" of the United States Government, alleges various violations of the law by Bayview and other defendants, to whom he refers as "debtors."  (*Id.* at 1, 4.)  It appears that Plaintiff alleges, *inter alia*, that the defendants received a "personal loan" from Plaintiff, which they

5

failed to repay.  (*Id.* at 1-2.)  On October 4, 2019, Judge John Koeltl issued a Memorandum and Order transferring the instant action to this court.  (ECF No. 12, Memorandum and Order.)

None of the named defendants other than Bayview have appeared in this action.  On January 17, 2020, Bayview moved to dismiss the case.  (ECF NO. 17, Motion to Dismiss; *see* ECF No. 17-22, Memorandum in Support.)  Plaintiff did not oppose the motion, despite Bayview serving notice of its motion and its other papers upon him.  (*See* ECF Nos. 17-25, 17-26, 17-27, 17-28, and 17-29.)

## LEGAL STANDARD

### I. Motion to Dismiss

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," or it will be dismissed pursuant to a motion brought by the defendant pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is not enough that a plaintiff "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

6

Where the plaintiff is proceeding *pro se*, courts must construe the plaintiff's pleadings liberally. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). However, a *pro se* complaint must still state a claim to relief that is plausible on its face. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010).

Where the plaintiff fails to oppose a motion to dismiss, the defendant is not entitled to "automatic dismissal." *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010). "Because a motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the four corners of the complaint, the district court is equipped to make a determination on the merits" in the absence of an opposition. *Id.*

## II.  *Res Judicata*

"Under the doctrine of *res judicata*, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998)). "Claim preclusion [also] prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even

7

if the issue or defense was not actually raised or decided." *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir. 1992).

"In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). "New York adheres to a transactional analysis of *res judicata*, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id.* (quotation and citation omitted).

## DISCUSSION

### I. Failure to State a Claim

The court finds that Plaintiff's case must be dismissed as to all defendants for failure to state a claim. *See Placide-Eugene v. Visiting Nurse Serv. of New York*, No. 12-cv-2785, 2013 WL 2383310, at *13 (E.D.N.Y. May 30, 2013) ("the Court has the power to dismiss claims *sua sponte* for a failure to state a claim"); *see also Aiola v. Malverne Union Free Sch. Dist.*, 115 F. Supp. 3d 321, 339 (E.D.N.Y. 2015). Though the court must afford Plaintiff an opportunity to be heard before dismissing his case, *Thomas v. Scully*, 943 F.2d 259, 260 (2d

Cir. 1991), Plaintiff was provided such an opportunity: Plaintiff could have opposed Defendant's motion, but he did not.

Plaintiff's complaint alleges no facts that could plausibly entitle him to relief under the Constitution or any of the statues he cites. The four-page "Extraordinary Writ" filed by Plaintiff to initiate this action is largely incomprehensible. It appears to reference a debt owed by the defendants, requests a permanent injunction against anybody "who purports to enforce . . . any false debt collection," references an unspecified lien purportedly held by unidentified "Government Creditors," directs Equifax to "[c]ease all activities," and requests that the Secretary of the United States Department of the Treasury seize all money in the defendants' possession. (*See generally* Compl.) Plaintiff does not allege any specific facts, nor does he attribute any particular wrongdoing directly to any of the named defendants. None of the defendants, therefore, are on notice as to what they are accused of. *See Banks-Gervais v. I.R.S.*, No. 12-cv-4300, 2012 WL 5504883, at *2 (E.D.N.Y. Nov. 13, 2012) (dismissing "allegations [that] are incomprehensible and fail to provide notice of the claim [the plaintiff] seeks to raise").

Even construing the complaint liberally, Plaintiff has not alleged any specific facts that could entitle him to relief under either the FCRA or the FDCPA. The FCRA, 15 U.S.C. § 1681

9

*et seq.*, "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012). Nowhere does Plaintiff allege any specific actions by any of the defendants related to improper credit reporting. Moreover, pleading a violation of the FDCPA would require Plaintiff to plausibly allege that (1) he is a "'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) [that] the defendant collecting the debt [was] considered a 'debt collector,' and (3) [that] the defendant . . . engaged in an act or omission in violation of the FDCPA's requirements." *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017), *aff'd*, 740 F. App'x 742 (2d Cir. 2018). Again, the complaint contains no specific allegations that any of the defendants violated any provision of the FDCPA.

In addition to citing the FCRA and the FDCPA, Plaintiff purported to initiate this action pursuant to Title 15 of the United States Code (which broadly regulates commerce, and includes, *inter alia*, the Sherman Antitrust Act and the Federal Trade Commission Act), Title 11 of the United States Code (which regulates bankruptcy proceedings), the Dodd-Frank Wall Street Reform Act, the Telephone Consumer Protection Act, the United States Constitution, the Declaration of Independence, and the

10

Ten Commandments.  This court would only have jurisdiction to decide plausible claims arising under federal law, but Plaintiff has not sufficiently alleged any facts giving rise to a plausible claim under any of the cited statutes or the Constitution.  *See Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005) (courts need not "excuse frivolous or vexatious filings by *pro se* litigants"); *see also Petitio v. Hill*, No. 04-cv-4493, 2007 WL 1016890, at *11 (E.D.N.Y. Mar. 26, 2007) ("The law is clear that there is no private right of action to enforce the Declaration of Independence.") (quotation and alteration omitted).

Accordingly, even though only Bayview has moved for dismissal, the court finds that the entirety of Plaintiff's complaint must be dismissed, as to all defendants, for failure to state a claim.  *See Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 313 (S.D.N.Y. 2001) (court "dismisse[d] the claims against the non-moving defendants *sua sponte*" where only one defendant moved for dismissal).

## II.  *Res Judicata*

Even if Plaintiff had alleged additional facts in an attempt to state a plausible claim, Defendant's motion would be granted on claim preclusion grounds.  This court previously found that any argument by Plaintiff that the foreclosure proceedings were invalid because Bayview lacked standings was

11

precluded, because the Queens County Supreme Court "repeatedly determined that the plaintiffs had not provided evidence of a timely rescission nor established any other defense." *Williams*, 2019 WL 2330852, at *9.  That preclusion still applies.

In addition, in the prior federal action, this court independently found that even in the absence of the deference owed to the state court, Plaintiff was subject to a valid foreclosure action.  *See id.* at *9-10.  Regarding Plaintiff's claims under the FCRA, the court found that, based on the evidence before it at that time, "Bayview accurately reported plaintiffs' debt, to the credit reporting agencies." *Id.* at *8. Regarding the claims under the FDCPA, this court found that Plaintiff had not alleged any facts to support a plausible inference that Bayview violated any of the various provisions of the FDCPA.  *See id.* at *10-15.

Accordingly, any FCRA or FDCPA claims Plaintiff is attempting to bring against Bayview in this case are barred because they were already decided against him by this court.  In addition, Plaintiff is precluded "from litigating *any issue* or defense that *could have been raised or decided* in" the prior federal action against Bayview, "even if the issue or defense was not actually raised or decided." *Clarke*, 960 F.2d at 1150 (emphasis added).  In other words, because the prior federal action between Plaintiff and Bayview concerned the same

12

property, Plaintiff should have brought any and all claims he could have brought pursuant to that property.

All of Plaintiff's instant claims are thus precluded by the foreclosure action in Queens County Supreme Court, and by the prior federal action in this court.  Accordingly, Bayview's motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss, and Plaintiff's case is dismissed in its entirety.  The Clerk of Court is directed to enter judgment in favor of Bayview, serve Plaintiff with a copy of this Memorandum and Order and the judgment, note service on the docket, and close this case.

**SO ORDERED.**

Dated:      September 24, 2020
            Brooklyn, New York

```
                                  _____    /s/    _____
                                  HON. KIYO A. MATSUMOTO
                                  United States District Judge
```